IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BABAK NADERI,

    Plaintiff,                          CIV. NO. S-08-2081 FCD GGH PS

    vs.

LOS ANGELES PIERCE COLLEGE,       <u>ORDER AND</u>

    Defendants.                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Presently before the court are defendants' amended motion to dismiss, filed February 20, 2009, and plaintiff's motion for summary judgment, filed February 25, 2009.[1] Having reviewed all filings pertinent to the motions, the court now issues the following findings and recommendations.[2]

         One of the grounds raised by defendants for dismissal is improper proper venue in this district pursuant to Fed. R. Civ. P. 12(b)(3). Because this basis has merit, this court will not

---

[1] These motions were previously calendared for hearing on April 2, 2009, but were taken under submission when oral argument was determined to be unnecessary.

[2] Plaintiff did not file a separate opposition to defendants' motion to dismiss. Therefore, to the extent it applies, the court will construe plaintiff's motion for summary judgment as an opposition.

rule on the remainder of defendants' motion or on plaintiff's motion.³

Where an action is founded only on diversity, it may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). A court may sua sponte raise the issue of defective venue. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The complaint alleges that the action is based on diversity. It states that plaintiff is a "citizen subject to Tehran, Iran." (Compl. at 1.) Named defendants are Los Angeles Community College District, ("College"), erroneously sued as Los Angeles Pierce College, Martine Magana, and Sheila Williams. The complaint does not state the residence of these defendants; however, defendants' motion states that defendant College is located in Woodland

---

³ The undersigned does have doubts about the court's subject matter jurisdiction as the availability of any cognizable claim, state or federal, appears to be lacking given the wholly insufficient allegations and apparently very belated nature of the complaint. However, the court would grant leave to amend if it were to decide on these grounds. Even if plaintiff could successfully amend on the merits, even in stating a federal question, the court would be again faced with the venue question– a question that does not appear to be possibly decided in plaintiff's favor regardless of the nature of the claim. See the entirety of 28 U.S.C. § 1391. Therefore, the court chooses to issue its determination on the venue question which results in a dismissal (and not transfer) of the case.

Hills, in Los Angeles County, and that defendants Magana and Williams are residents of Los Angeles County which are in the Central District. (Kachalia Decl., Exs. 1-2.) The allegations events took place at defendant College and at the Second Appellate District, Court of Appeal in Los Angeles County which are in the Central District. There are no defendants in the Eastern District, and none of the acts took place here.[4]

Pursuant to 28 U.S.C. § 1406(a), when a case is filed laying venue in the wrong district, the Court may dismiss or, in the interest of justice, transfer the case to any district in which it could have been brought. In this case, the interest of justice does not suggest transfer to another district would be appropriate. See Big Island Yacht Sales, Inc. v. Dowty, 848 F.Supp. 131, 134 (D. Hawaii 1993); Pittman v. Garcia, 2009 WL 857617 (S.D. Cal. March 25, 2009). Plaintiff has not made a positive showing that transfer would be in the interest of justice. Costlow v.Weeks, 790 F.2d 1486, 1487 (9th Cir. 1986). The only argument offered by plaintiff on the subject of venue is that he is in fear of his life in Los Angeles County and did not get a fair trial there. (Docket #14 at 11.) Yet plaintiff also states that he does not feel safe in the Eastern District. (Id. at 12.)

Accordingly, IT IS ORDERED that plaintiff's motion for summary judgment, filed February 25, 2009, is vacated.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that defendants' February 20, 2009, amended motion to dismiss be granted based on improper venue, and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[4] None of the defendants are corporations which would entitle venue to be laid in any district where personal jurisdiction could be maintained. 28 U.S.C. § 1391(c).

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/14/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Naderi2081.mtd.wpd